IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

GAIL OWENS

v.   Criminal No. 1:11cr69-HSO-JCG
     Civil No. 1:18cv129-HSO

UNITED STATES OF AMERICA

**MEMORANDUM OPINION AND ORDER DENYING DEFENDANT GAIL OWENS' MOTION [252] TO VACATE, SET ASIDE, OR CORRECT SENTENCE BY A PERSON IN FEDERAL CUSTODY PURSUANT TO 28 U.S.C. § 2255**

BEFORE THE COURT is Defendant Gail Owens' Motion [252] to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody, filed pursuant to 28 U.S.C. § 2255. After due consideration of the Motion, the record, and relevant legal authority, the Court finds that Owens' Motion [252] is not well taken and should be denied without an evidentiary hearing.

I. RELEVANT BACKGROUND

A.  Defendant's guilty plea

On July 19, 2011, Defendant Gail Owens ("Owens" or "Defendant") was indicted for conspiracy to possess with intent to distribute oxycodone and possession with intent to distribute oxycodone, all in violation of 21 U.S.C. §§ 841(a)(1) and 846 as well as 18 U.S.C. § 2. Indictment [3] at 1-2. Owens was charged along with four other individuals, including her male companion, Charles MacGeorge. *Id.* After the

1

Court issued an Order [94] disqualifying Owens' retained attorney on June 26, 2012, attorney Ellen Allred was appointed as Owens' counsel. Entry of Appearance [101].

Through Ms. Allred, Owens filed a Notice of Intent to Change Plea to Guilty [127] on August 23, 2012, notifying the Court "of her intent to change her plea to guilty on the charge brought against her by the Government." Notice of Intent to Change Plea to Guilty [110]. Owens was scheduled to enter her guilty plea on September 5, 2012, but was hospitalized in Florida on September 4, 2012. Government's Mot. for Continuance 1 [116]. Owens' criminal trial was rescheduled for November 5, 2012, but, on October 24, 2012, Owens filed a second Notice of Intent to Change Plea to Guilty [128], notifying the Court "of her intent to change her plea to guilty on the charge brought against her by the Government." *See also* Text Order, Sept. 13, 2012. On October 29, 2012, pursuant to a written Plea Agreement [129], Defendant pled guilty to Count Four of the Indictment, which charged her with possession with intent to distribute oxycodone in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2. Plea Agreement [129]; Minute Entry, Oct. 29, 2012.

A written Plea Agreement [129] and Plea Supplement (Sealed) [130] (collectively, the "Plea Agreement") detailed both Defendant's obligations and those of the Government. *See* Minute Entry, Oct. 29, 2012. The Plea Agreement, signed by Owens and her attorney, stated that Owens understood that the "plea agreement and the plea supplement completely reflects [sic] all promises, agreements and

2

conditions made by and between the [Government] and Defendant." Plea Agreement [129] at 5. Under oath during the plea colloquy, Owens agreed that no one had "made any other or different promises or assurances of any kind to [her] other than those contained in the plea agreement and plea supplement in an effort to induce [her] to plead guilty in this case." Plea Tr. [219] at 14. On March 12, 2013, the Court sentenced Owens to a term of 240 months imprisonment. Minute Entry, Mar. 12, 2013; J. [159].

B.     Defendant's first Motion under 28 U.S.C. § 2255

On March 17, 2014, Owens, proceeding pro se, filed her first Motion to Vacate [177] pursuant to 28 U.S.C. § 2255, followed by an Amended Motion to Vacate [186] on May 8, 2014. Owens claimed "total and complete ineffective assistance of counsel" due in pertinent part to counsel's alleged "failure to read and review" the Presentence Investigation Report with Owens, failure to object to "wrongful enhancements[,]" and "failure to file an appeal . . . when instructed to do so." Am. Mot. [186] at 14-16. Both of Owens' former counsel submitted Affidavits [191] [193] stating that Owens did not instruct them to file an appeal. Hollomon Aff. [191] at 3; Allred Aff. [193] at 4. Because there was a conflict in evidence regarding whether Owens had asked her attorneys to pursue an appeal, the Court granted Owens' request to pursue a direct appeal and reinstated the judgment of conviction on its criminal docket. Order [213] at 5-6; Text Order, Sept. 24, 2015. Owens then timely filed a Notice of Appeal [214].

On direct appeal, Owens argued that her plea was not knowing and

3

voluntary because she lacked the mental capacity to understand and weigh its consequences. *United States v. Owens*, 667 F. App'x 859 (5th Cir. 2016). On August 8, 2016, the United States Court of Appeals for the Fifth Circuit affirmed this Court's finding that Owens was competent, and held that Owens' appeal waiver in the Plea Agreement was made knowingly and voluntarily. *Id.* at 861. The Fifth Circuit dismissed her appeal as barred by the appeal waiver. *Id.* at 861.

C.    <u>Defendant's present Motion under 28 U.S.C. § 2255</u>

On April 17, 2018, Defendant filed the present Motion [252] to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody pursuant to 28 U.S.C. § 2255, along with an unsigned Declaration [252-2] and a Memorandum [253] of Law in Support. Def.'s Mot. [252]; *see* 28 U.S.C. § 2255(f). On April 19, 2018, Owens filed a signed copy of her Declaration [256-1] and a Declaration [256-2] of her daughter, Stephanie Tanner, both of which were signed under penalty of perjury. Def.'s Decl. [256-1]; Tanner Decl. [256-2].

Owens raises ineffective assistance of counsel as her only ground for relief, claiming that on or about September 4, 2012, with herself and her daughter present, attorney Allred erroneously advised her that "she would receive a ten-year sentence if [she] agreed to plead guilty." Def.'s Mot. [252] at 4; Def.'s Mem. [253] at 1-2; Def.'s Decl. [256-1] at 2. In her accompanying Memorandum [253], Owens argues that despite her representations made under oath before the Court to the contrary, her attorney induced her with erroneous guarantees. Mem. [253] at 7-9. Owens maintains that "had [she] been properly advised and not misled[, she] would

4

not have agreed to plead guilty and [ ] would have proceeded to trial instead." Def.'s Decl. [256-1] at 2. Ms. Tanner states that, with her mother, father, father's attorney, and herself present, attorney Allred told her mother that she would receive a 10-year sentence if she pled guilty. Tanner Decl. [256-2] at 2. Tanner could not recall the exact date of the meeting where this statement occurred. *Id.*

Attorney Allred filed a Response [257] to Owens' Motion [252] on May 18, 2018, refuting Owens' claims and denying that there were any promises or assurances made that Owens "would not receive a sentence of greater than 10 years." Allred Resp. [257] at 2. Allred incorporates her earlier Response [193], *id.*, in which she stated that she "in no way coerced Owens into taking a plea" and that Owens chose to plead guilty when the two met with Owens' daughter, co-defendant MacGeorge, and MacGeorge's attorney on October 23, 2012, Allred Resp. [193] at 3. In its brief Response [258], the Government argues that Owens waived her right to contest the conviction in a motion brought under 28 U.S.C. § 2255. Government Resp. [193] at 2-4. In Reply [259] to the Government's Response [258], Owens cites Fifth Circuit precedent holding that a defendant cannot waive her right to challenge the plea or plea waiver for ineffective assistance. Def.'s Reply [259] at 2. Owens further posits that an evidentiary hearing is required to resolve her claims. *Id.* at 3.

## II. <u>DISCUSSION</u>

A.  <u>Legal Standard</u>

Once finally convicted, there are four narrow and separate grounds upon which a federal prisoner may move to vacate, set aside, or correct a sentence under

5

28 U.S.C. § 2255: (1) the sentence was imposed in violation of the Constitution or laws of the United States; (2) the court was without jurisdiction to impose the sentence; (3) the sentence exceeds the statutory maximum sentence; or (4) the sentence is "otherwise subject to collateral attack." 28 U.S.C. § 2255; *see also United States v. Cates*, 952 F.2d 149, 151 (5th Cir. 1992). "[O]n collateral attack, a defendant is limited to alleging errors of a 'constitutional or jurisdictional magnitude.'" *United States v. Samuels*, 59 F.3d 526, 528 (5th Cir. 1995) (quoting *United States v. Shaid*, 937 F.2d 228, 232 (5th Cir. 1991)).

Upon conviction and exhaustion of any right to appeal, courts are entitled to presume that a defendant stands fairly and finally convicted. *United States v. Frady*, 456 U.S. 152, 164 (1982); *Shaid*, 937 F.2d at 231-32. Relief under § 2255 is therefore reserved for violations of constitutional rights and for a narrow range of injuries which could not have been raised on direct appeal and which, if condoned, would result in a complete miscarriage of justice. *United States v. Vaughn*, 955 F.2d 367, 368 (5th Cir. 1992).

"The validity of a guilty plea is a question of law. . . ." *United States v. Hernandez*, 234 F.3d 252, 254 (5th Cir. 2000) (citing *United States v. Amaya*, 111 F.3d 386, 388 (5th Cir. 1997)). "A plea of guilty is constitutionally valid only to the extent it is 'voluntary' and 'intelligent.'" *Bousley v. United States*, 523 U.S. 614, 618 (1998) (citation omitted). Therefore, "[a] guilty plea will be upheld on habeas review if entered into knowingly, voluntarily, and intelligently." *Hernandez*, 234 F.3d at 255 (quoting *Montoya v. Johnson*, 226 F.3d 399, 404 (5th Cir. 2000)).

Whether a guilty plea was "knowing" turns on whether a defendant understood the direct consequences of the plea, including the maximum possible penalty, while "voluntariness" of a plea depends on whether the plea was induced by threats, misrepresentations, unfulfilled promises, or improper promises. *Id.* at 255 n.3. "[A] plea of guilty entered by one fully aware of the direct consequences of the plea is voluntary in a constitutional sense unless induced by threats, misrepresentation, or perhaps by promises that are by their nature improper as having no proper relationship to the prosecutor's business." *Bousley*, 523 U.S. at 619 (quotation omitted).

Owens entered a plea of guilty to Count Four of the Indictment on October 29, 2012, and was sentenced on March 12, 2013. On direct review, the Fifth Circuit affirmed this Court's findings and found that Owens' appeal waiver was made knowingly and voluntarily. *Owens*, 667 F. App'x at 861. The Fifth Circuit dismissed Owens' appeal on August 8, 2016. *Id.* Upon conviction and exhaustion of her right to appeal, it is presumed that Owens now stands fairly and finally convicted. *Samuels*, 59 F.3d at 528 (citation omitted).

B. <u>Owens has not met her burden of establishing a claim of ineffective assistance of counsel.</u>

1. <u>Ineffective assistance of counsel</u>

The Sixth Amendment right to the assistance of counsel in defense of a criminal prosecution extends to the plea and sentencing process. *Lafler v. Cooper*, 132 S. Ct. 1376, 1385-86 (2012); *Hill v. Lockhart*, 474 U.S. 52, 57-58 (1985). Claims of ineffective assistance of counsel are properly asserted through a motion to vacate

7

pursuant to § 2255. *See United States v. Gaudet*, 81 F.3d 585, 589 n.5 (5th Cir. 1996) (citation omitted). To succeed on a § 2255 motion asserting ineffective assistance, a defendant must demonstrate that her trial counsel's performance fell below an objective standard of reasonableness and that this deficient performance prejudiced her defense. *Strickland v. Washington*, 466 U.S. 668, 690 (1984). Failure to establish either prong defeats the claim. *Green v. Johnson*, 160 F.3d 1029, 1035 (5th Cir. 1998). A court must presume that "counsel's conduct [fell] within the wide range of reasonable professional assistance," and a defendant is required to overcome that presumption. *Strickland*, 466 U.S. at 689.

To demonstrate "prejudice" in the *Strickland* sense, "the defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. Where a defendant's claim of ineffective assistance arises out of a guilty plea, she must show that "counsel's constitutionally ineffective performance affected the outcome of the plea process." *Hill*, 474 U.S. at 59. "To satisfy the 'prejudice' requirement the defendant must show that there is a reasonable probability that, but for counsel's errors, [s]he would not have pleaded guilty and would have insisted on going to trial." *Id.*

Owens must "affirmatively prove prejudice," *Strickland*, 466 U.S. at 693, with more than mere speculation and conjecture, *Bradford v. Whitley*, 953 F.3d 1008, 1012 (5th Cir. 2002). She must "convince the court that a decision to reject the plea bargain would have been rational under the circumstances." *Padilla v.*

8

*Kentucky*, 559 U.S. 356, 372 (2010). Relevant circumstances a court should consider include the strength of the evidence against the defendant, the benefit received under the terms of the agreement relative to the defendant's sentencing exposure had she gone to trial, and the information made available to the defendant during the plea colloquy. *See, e.g., United States v. Williams,* 490 F. App'x 632, 633 (5th Cir. 2012); *United States v. Mackay,* 339 F. App'x 367, 368–69 (5th Cir. 2009); *United States v. Thompson,* 44 F.3d 1004, at *2 (5th Cir. 1995); *United States v. Smith,* 844 F.2d 203, 209 (5th Cir. 1988).

   2.   Plea induced by a promise

Owens argues that her trial counsel rendered ineffective assistance by inducing her to plead guilty by making misrepresentations regarding the sentence she would receive. Specifically, Owens asserts that her counsel told her that she would not receive a sentence of more than ten years imprisonment. Owens concedes that the Plea Agreement and her statements at the plea hearing contradict her assertion;[1] however, she insists that due to these contradictions and the Declarations she has submitted, she is entitled to an evidentiary hearing.

Where a guilty plea is induced by defense counsel's unkept promises, it may be invalid as not knowing and voluntary. *Harmason v. Smith,* 888 F.2d 1527, 1529 (5th Cir. 1989). But, "a defendant ordinarily will not be heard to refute h[er] testimony given at a plea hearing while under oath." *United States v. Cervantes,*

---

[1] Owens acknowledged under oath during the plea colloquy that no one "made any other or different promises or assurances of any kind to [her] other than those contained in the plea agreement and plea supplement in an effort to induce [her] to plead guilty in this case." Plea Tr. [219] at 14.

9

132 F.3d 1106, 1110 (5th Cir. 1998) (citing *United States v. Fuller,* 769 F.2d 1095, 1099 (5th Cir. 1985)). "Solemn declarations in open court carry a strong presumption of verity," forming a "formidable barrier in any subsequent collateral proceedings." *Id.* (citing *Blackledge v. Allison,* 431 U.S. 63, 73–74 (1977)).

A defendant may seek habeas relief on the basis of alleged promises, even where inconsistent with sworn testimony, where she can prove: "(1) the exact terms of the alleged promise, (2) exactly when, where, and by whom the promise was made, and (3) the precise identity of an eyewitness to the promise." *Id.* If a defendant can produce independent indicia of the merit of her allegations, "typically in the form of one or more affidavits from reliable third parties," she is entitled to an evidentiary hearing; but, if defendant's showing is "inconsistent with the bulk of [her] conduct or otherwise fails to meet [her] burden of proof in light of other evidence in the record, an evidentiary hearing is unnecessary." *Id.*; *see Smith*, 844 F.2d at 208.

Owens has submitted Declarations, signed under penalty of perjury, regarding the alleged promises made by her trial counsel. Def.'s Decl. [256-1]; Tanner Decl. [256-2]. Only Tanner's Declaration[2] arguably qualifies as the affidavit of a reliable third party.[3] In it, Tanner states as follows:

> I do not recall the exact date of the following event, but I remember my mother being transferred from the hospital and into the jail by U.S. Marshalls. At that time, my mother, father [MacGeorge], my father's

---

[2] Tanner's "unsworn declaration, made under penalty of perjury, carrie[s] the same 'force and effect'" as an affidavit. *See United Sates v. Pena-Garavito*, 539 F. App'x 506, 507 (5th Cir. 2013).
[3] The Fifth Circuit assumed in *Cervantes* that defendant's sister was a qualified third party. 132 F.3d at 1110 n.4. The Court here similarly assumes that defendant's daughter qualifies as a third party.

10

> attorney, Ms. Allred and myself were all present in a room where plea offers were discussed. My mother was offered 10 years at the lower 25%, while my father was offered 5 years. She was told she would receive 10 years if she signed the plea agreement, but was never told 20 years.

Tanner Decl. [256-2] at 2. While Tanner's Declaration adequately describes the alleged promise, who was present, and where the alleged promise was made, she has not fully described when it occurred. *See id.* Tanner does not indicate the length of time that elapsed between Owens' return to the jail and the making of the alleged promise, or even provide an estimate of that time.

Moreover, Owens has failed to overcome the presumptive verity of her sworn statements made to the Court. *See Cervantes*, 132 F.3d at 1110-11. As Owens concedes, she stated under oath during her change of plea hearing that no "other promises or assurances of any kind" were made to induce her to plead guilty. Plea Tr. [219] at 14. The Court clearly explained the maximum sentence that Owens could face on the count to which she pled guilty, twenty (20) years, and Owens confirmed that she understood this as a possibility. *Id.* at 19-20. The Court inquired and confirmed that Owens had an opportunity to speak with her attorney regarding how the Sentencing Guidelines "might apply" to her case. *Id.* at 21-22. The Court also explained to Owens that the sentence had not yet been determined and described how it would be determined. *Id.* at 22. The Court further informed her of the non-binding nature of the Sentencing Guidelines. *Id.* Finally, the Court cautioned Owens that the sentence it ultimately imposed might be different than any estimate her attorney had given her. *Id.* Based on the entire colloquy, the

Court concluded that Owens' plea was voluntary, knowing, and intelligent. *See id.* The Fifth Circuit subsequently affirmed this Court's finding that Owens' appeal waiver was knowing and voluntary. *Owens*, 667 F. App'x at 861. The plain language of the Plea Agreement and Plea Supplement further refute Owens' allegations. *See* Plea Agreement [129]; Plea Supplement (Sealed) [130].

    3.    <u>Failure to establish prejudice</u>

Even if Owens could be found to have satisfied the requirements set forth in *Cervantes*, she has failed to establish prejudice because she has not adequately refuted her statements under oath. Owens has not shown that, but for counsel's deficient performance, there is a reasonable probability that she would not have pled guilty but would have insisted on going to trial. Although Owens avers that she would have continued to trial, her assertion is conclusory and only a recitation of the prejudice prong. She has not affirmatively demonstrated prejudice. *See Strickland*, 466 U.S. at 693 (explaining that, unless prejudice is presumed, ineffective assistance claims require an affirmative showing of prejudice); *see also Ross v. Estelle*, 694 F.2d 1008, 1011 (5th Cir. 1983) ("Absent evidence in the record, a court cannot consider a habeas petitioner's bald assertions on a critical issue in his . . . petition, unsupported and unsupportable by anything else contained in the record, to be of probative evidentiary value.").

Further, Owens' allegation of prejudice lacks evidentiary support, either within her Motion or in the record. *See Padilla*, 559 U.S. at 372 ("[Owens must] convince the court that a decision to reject the plea bargain would have been

rational under the circumstances."). There was significant evidence of Owens' guilt. A large quantity of oxycodone pills prescribed in her name was found in Owens' hotel room, Plea Tr. [219] at 27-28, and a co-conspirator, Bobby Morgan, admitted to buying oxycodone pills from Owens, *id.* Casino surveillance videotapes showed Owens handing pills to Morgan. *Id.* Morgan attested that those pills were the ones later seized by the Government, which were tested and confirmed to be oxycodone. *Id.* The record reflects that Morgan and other co-defendants and co-conspirators were available and willing to testify against Owens had the case proceeded to trial. *See id.*; Sentencing Tr. [220] at 25-35.

Owens received a substantial benefit under the Plea Agreement, capping her sentence at twenty years. Presentence Investigation Report (Sealed) [157] at 30. Had Owens proceeded to trial and been convicted, she faced two counts, each with a maximum sentence of twenty years. *Id.*; *see* 21 U.S.C. § 846. The Presentence Investigation Report (Sealed) [157] estimated her Guidelines sentencing range at life imprisonment. Presentence Investigation Report (Sealed) [157] at 30. At sentencing, the Court made it clear that it agreed with the calculated Guidelines range. Sentencing Tr. [220] at 54-60.

Given Owens' Guidelines range of life imprisonment, the Court's recognition of the seriousness of the offense, the Court's stated reasons for overruling Owens' objections to the Presentence Investigation Report, and its refusal to accept the Government's recommendation for a downward variance, had Owens proceeded to trial, the Court likely would have imposed a sentence at or close to forty years. *See*

13

*id.* This would have been significantly longer than the one Owens ultimately received, exceeding the twenty-year, statutorily-capped sentence from which Owens benefitted by pleading guilty. Looking to the record as a whole, Owens' conclusory allegation that she would have proceeded to trial lacks any indicia of reliability. The Court finds that Owens has failed to sufficiently allege or demonstrate prejudice.

### III. EVIDENTIARY HEARING

Owens has requested an evidentiary hearing. *See* Def.'s Mot. [252] at 12. The Court finds that a hearing is not required. A defendant is only entitled to an evidentiary hearing on a § 2255 motion if she has presented "independent indicia of the likely merit of [her] allegations." *United States v. Reed*, 719 F.3d 369, 373 (5th Cir. 2013) (citation omitted). Because Owens has failed to do so and her showing is "inconsistent with the bulk of [her] conduct [and she] fails to meet [her] burden of proof in light of [the] evidence in the record, an evidentiary hearing is unnecessary." *Cervantes*, 132 F.3d at 1110.

### IV. CONCLUSION

Because the Motion, files, and records conclusively show that Defendant is entitled to no relief, the Court finds that Owens' Motion [252] to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody, filed pursuant to 28 U.S.C. § 2255, should be denied.

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that, Defendant Gail Owens' Motion [252] to Vacate, Set Aside, or Correct Sentence by a Person in

14

Federal Custody, filed pursuant to § 2255, is **DENIED**.

**SO ORDERED AND ADJUDGED**, this the 15th day of January, 2019.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE